## Mrs. P. W. Rountree *v.* Brilliant Steamboat Company.

Permission for a slave to serve on a particular steamboat does not warrant his employment on another, without the consent of the owner.

APPEAL from the Third District Court of New Orleans. *Kennedy*, J. *Hunton and Bradford*, for plaintiff. *Goold*, for defendant and appellant.

Slidell, C. J. The evidence in this cause satisfactorily establishes the following facts : that the slave *Jesse* was the property of the plaintiff; that he was worth the amount awarded by the judgment below; that he was received on board the steamboat of the defendant's in the capacity of a cabin servant, and carried up the river, without the consent of the plaintiff, and without her knowledge; that near Plaquemines the boilers of the steamboat exploded; that the slave was badly scalded and otherwise wounded; was taken ashore in an apparently dying condition, and soon after died.

The evidence is so clear as to the occasion, and the severity of the injuries which befel the slave, that the appellant has not attempted to dispute them: but has, at much length, argued that the consequent death of the slave has not been proved. Two witnesses, who had deposed as to his condition on their personal knowledge, were permitted, without objection, to testify that they "understood" afterwards he died from the scalding and other wounds. We do not think the appellant here can call upon us to disregard this testimony entirely, because it is hearsay. His acquiescence in its admission may naturally have led the plaintiff to abstain from offering further evidence, to show that the apparently dying condition in which witnesses saw the slave after the explosion, was

actually followed soon after by his death. We do not say if a judgment came before us resting wholly on hearsay evidence received below without objection, we should feel bound to affirm it. It is unnecessary to push the inquiry to that extent. Here is a case where hearsay evidence is accompanied by direct and unexceptionable testimony, strongly indicating the probability of its truth. Besides, the objection comes with a bad grace from the defendants, whose business it was, having taken away the slave without the owner's consent, to bring him back, or account for him.

Upon the question of the defendant's liability, we find no difficulty. The purpose and scope of the statute is a stern and stringent protection of this class of property from loss, by the bad faith or negligence of those engaged in the navigation of water courses. The consent of the master of the slave is scrupulously exacted; the liability for damages, if the slave is carried without the master's consent, is clear. See the Statutes of 1816, 1835, p. 152, 1840, p. 89. It is true the plaintiff had given her consent to the employment of the slave on another steamboat; but the proof is satisfactory that she was ignorant of his discharge from that boat; and that as soon as he was discharged, he applied for service on board the defendant's vessel. The officer who employed him knew who his owner was, and his previous employment on board the Natchez, but asked him for no pass or authorization from his owner, although he acknowledges he knew it was the rule on all boats not to hire slaves without a pass or permission. The consent that the slave should serve on board a particular boat, does not excuse the absence of a consent to his employment elsewhere.

Judgment affirmed, with costs.